GENERAL BAKING COMPANY and Another, Plaintiffs, *v.* CITY OF SARATOGA SPRINGS and Others, Defendants.

Supreme Court, Saratoga County, August 29, 1933.

*Rabenold & Scribner* [*Allan R. Campbell* and *John J. McManus* of counsel], for the plaintiffs.

*Richard J. Sherman,* for the defendants.

SCHENCK, J.   In this action, brought to declare an ordinance void, plaintiff moves for an order *pendente lite* restraining defendants and all persons acting under or for them from taking any steps to enforce said ordinance or to compel plaintiffs to pay a fee thereunder. Section 1 of the ordinance complained of reads as follows: " No person, firm or corporation shall wholesale or sell from a motor propelled or horse drawn vehicle on a cash basis any fruit, vegetables, berries, meats, poultry, fish, farm or garden produce, teas, coffees, groceries, breads, cakes, pastry or goods, wares or merchandise of any kind in the City of Saratoga Springs, except fruit, vegetables, berries and farm and garden produce actually grown or gathered by such person, without a license issued by the Commissioner of Accounts upon payment of a license fee to be fixed by said Commissioner on the issuance of such license of not less than five dollars nor more than twenty-five dollars per day or not less than five dollars or more than two hundred fifty dollars per year."

Then follows a provision making a violation of the ordinance a misdemeanor punishable by a fine of fifty dollars for each offense each day.

The plaintiffs are wholesale bakers of bread and cake and their products are brought into Saratoga Springs by motor trucks and there sold to grocers, hotels and restaurants at wholesale prices. They are not peddlers from house to house and do not come within the category of hawkers.

Police power must be exercised subject to the provisions of the Constitution, both Federal and State, and it must appear that the interests of the public generally, as distinguished from those of a particular class, require such interference and that the means are reasonably necessary for the accomplishment of the purpose and are not unduly oppressive to individuals.   Under the guise of protecting the public interest, the legislative body, in this case, the city council, may not arbitrarily interfere with private business or impose unusual restrictions upon lawful occupations. (*Fisher Co.* v. *Woods,* 187 N. Y. 90; *People ex rel. Tyroler* v. *Warden,* 157 id. 116.)

This ordinance has no possible relation to public health, maintaining order, protecting property or enforcing the law. It does not cover the business of selling food at wholesale, but includes as well, " goods, wares or merchandise of any kind " and applies only to a business done on " a cash basis." Clearly, if the ordinance were to protect public health, it cannot be sustained, for it applies only to persons or corporations selling on a cash basis. Likewise, if it is claimed that it is regulatory and that it controls a business using motor-propelled or horse-drawn vehicles, thereby having some relationship to public safety, we again find that it is limited only where such business is conducted on a cash basis. The business of the plaintiffs is the selling of bread and cake and it is classed as a common calling. (*Wolff Co.* v. *Industrial Court,* 262 U. S. 522; *Butchers' Union Co.* v. *Crescent City Co.,* 111 id. 746; *Weaver* v. *Palmer Bros.,* 270 id. 402.)

Such a business is not subject to a licensing statute and the prohibition by this ordinance appears purely arbitrary and in violation of the due process clause of both the Federal and State Constitutions.

In the case of *Smart* v. *City of Albany,* recently decided by Mr. Justice STALEY,* it was held that the power to tax must come from the State and that this power had not been granted to the city. This ordinance, however, is not a tax measure but it is contended that the same was passed as an exercise of the police power. As such it is clearly unconstitutional.

An injunction may issue during the pendency of this action and order may be entered accordingly. No costs of motion.